# IN THE COURT OF APPEALS OF IOWA

No. 21-1789
Filed January 27, 2022

**IN THE INTEREST OF R.L., X.L., and A.L.,**
**Minor Children,**

**K.J., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Mitchell County, Karen Kaufman

Salic, District Associate Judge.

        The mother appeals the order terminating her parental rights to her three

children.  **AFFIRMED.**

        Becky E. Wilson of Omara Wilson Law, PLLC, Mason City, for appellant

mother.

        Thomas J. Miller, Attorney General, and Chandlor Collins, Assistant

Attorney General, for appellee State.

        Danielle Ellingson of Eggert, Erb, and Ellingson, Charles City, attorney and

guardian ad litem for minor children.

        Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

This family came to the attention of the Iowa Department of Human Services (DHS) when it was suspected that the mother of the three children involved was using illegal drugs. Later investigation confirmed the suspicion, as the mother tested positive for methamphetamine. As a result, the children were adjudicated as children in need of assistance and removed from the mother's custody. Although the oldest child (seventeen-year-old R.L.) has a different father than the younger two (thirteen-year-old X.L. and eleven-year-old A.L.), all three children were placed in the care of the father of the younger two. The DHS's further involvement with the mother revealed that she had both substance-abuse and mental-health issues that needed attention.

In spite of little to no progress by the mother after over one year of services without the children being returned to her care or custody, the mother was given a six-month extension to work toward reunification. *See* Iowa Code § 232.104(2)(b) (2021) (allowing continued placement for an additional six months if the court determines that the need for removal may no longer exist at the end of the six-month period). Perceiving inadequate improvement by the mother during the extension period, the State filed petitions seeking to terminate the mother's parental rights.

Following a hearing, the juvenile court granted the State's petitions and terminated the mother's rights to all three children pursuant to Iowa Code section

232.116(1)(e) and (f). The children remained in the care of the father of the younger two, as his rights were not terminated. The mother appeals.[1]

Termination-of-parental-rights proceedings are reviewed de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Such proceedings follow a familiar three-step process of determining (1) whether statutory grounds for termination have been established, (2) whether termination is in the best interest of the children, and (3) whether the statutory exceptions of section 232.116(3) should preclude termination. *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010) (reciting the three-step process); *In re M.J.H.T.*, No. 17-1329, 2017 WL 6033879, at *2 (Iowa Ct. App. Dec. 6, 2017) (referring to the process as "a now familiar three-step analysis").

The mother's only claim on appeal is that the juvenile court erred by failing to apply the exception to termination provided by Iowa Code section 232.116(3)(c), which permits the court to decline terminating a parent's rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."[2] The exceptions in

---

[1] The juvenile court also terminated the parental rights of R.L.'s father. He does not appeal.

[2] The mother's petition on appeal sets forth another issue, specifically that "[t]he trial court erred in refusing a deferral of permanency and in finding that the State had proven that termination of parental rights was warranted at this time." Based on that issue heading, the argument that follows, and the authorities cited, we are unable to discern what issue the mother is raising. To the extent the mother seeks to challenge the juvenile court's failure to grant her even more time to work toward reunification, the issue is not preserved for appellate review, as the mother did not raise this issue before the juvenile court and the juvenile court did not address it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). To the extent the mother is asserting some other challenge, the issue is insufficiently developed in her petition on appeal to allow us to decide it. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have

section 232.116(3) are permissive, not mandatory, and the parent relying on an exception has the burden of proving its applicability. *A.S.*, 906 N.W.2d at 475–76.

On our de novo review, we find the mother failed to meet her burden to establish the applicability of section 232.116(3)(c). *See id.* at 476 (finding the parent "bears the burden to establish an exception to termination under" section 232.116(3)). There is no dispute that the mother loves the children or that they love her. But there is not clear and convincing evidence that termination of the mother's rights would be detrimental to any of the children due to the closeness of the parent-child relationship.

Based on the evidence that included the children's statements to service providers and the report to the court made by their guardian ad litem, it is clear that the children have grown weary of their mother's lack of progress with her problems. The children are old enough that they have been witnesses to their mother's drug abuse, mental-health problems, and propensity to bring random men into the home. The mother has not adequately addressed her problems. She dodged all drug test requests for the ten-month period leading to the termination hearing. She made an eleventh-hour attempt to show progress a little more than one month before the termination hearing by finally getting a substance-abuse and mental-health evaluation that she had been ordered to get much earlier. Even then, she

---

made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review.").

was not able to show progress as, by the time of the hearing, she already had been unsuccessfully discharged from recommended treatment programs due to lack of attendance.

The mother also never progressed beyond supervised visits. When she exercised visits, there was regularly tension between her and the children due to her failure to be prepared for the visits. Even though the children were old enough to have their voices heard if they objected to termination, none of them did. *See* Iowa Code § 232.116(3)(b) (providing a separate exception to termination if "[t]he child is over ten years of age and objects to the termination"). Although all three children expressed a desire to maintain a relationship with their mother, they all expressed a strong preference to continue living with the father of the younger two rather than returning to live with their mother. R.L., who is less than one year away from turning eighteen, expressed indifference to whether her mother's parental rights were terminated, stating she wanted her continued involvement with her mother to be on a schedule agreeable to R.L. The younger two children wanted to limit their time with their mother to alternating weekends.

Based on the evidence presented, we find a lack of clear and convincing evidence of either a close relationship between the children and their mother or any detriment to the children if the mother's rights are terminated. As a result, we affirm the juvenile court's decision to terminate the mother's parental rights to the children.

**AFFIRMED.**